JOHN WANAMAKER *v.* UNITED STATES (No. 3228)[1]

6 T. D. 43674.

*Allan R. Brown* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.

[Oral argument October 8, 1929, by Mr. Brown and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the Customs Court sustaining the classification of the collector of customs of the port of New York of certain merchandise as "toys" and dutiable at the rate of 70 per centum ad valorem under paragraph 1414, Tariff Act of 1922.

The merchandise in question consists of certain jig-saw puzzles and quicksilver puzzles.

Appellant, upon the argument of the case before us, abandoned all claim of improper classification of the quick-silver puzzles, and the judgment of the Customs Court overruling appellant's protest as to such puzzles is *affirmed.*

Therefore the classification of the jig-saw puzzles is the only question before us. The jig-saw puzzle is a picture which has been mounted on a board made of paper and wood and then cut by a jig saw into small irregular figures, and the solution of the puzzle consists in arranging these small pieces in their proper order to reproduce the picture. The proof in this case shows that there are about 250 pieces in the puzzle in question.

William A. Finnerty, a witness for appellant, testified that he had been a wholesale buyer of articles like that here in question for 20 years; that while he had not seen this puzzle used by a consumer, apparently meaning a purchaser, he had seen it used and had found its interest mostly for adults. He said:

In puzzles of that character, where the pieces are cut so small and the designs so intricate, they are used, I would say, exclusively by adults. They are too complicated for the use of children. It takes adults sometimes hours and sometimes days working puzzles of that character.

The testimony of Mr. George S. Parker, a designer and manufacturer of toys and games, given upon the hearing of protest 142756–G, was incorporated with the record herein. Mr. Parker testified that jig-saw puzzles that run 100 pieces or more are designed for adults.

The Government introduced two witnesses in support of its contention. William J. Robb, one of said witnesses, testified as follows:

. Q. How about the jig-saw puzzles? Don't you think that is pretty difficult for a child to put together?—A. Well, it all depends upon how difficult it is; it is sold for the amusement of children as well as grown-ups.

There was no testimony that the puzzle in question was intended and designed for the amusement of children only, and was reasonably fitted for no other purpose. Indeed, the great weight of the testimony was to the effect that the puzzle here in question was reasonably fitted for use and used by adults, and an examination of the puzzle itself produced for the inspection of the court corroborates such testimony. The article therefore is not a toy within the definition laid down in the case of *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109, unless the proof shows that it is so known and designated by the trade generally.

Appellee attempted to prove such commercial designation, but failed to do so. It was not shown by a preponderance of the evidence that puzzles like the one in question were bought and sold or known in the trade and commerce of the United States, uniformly, definitely, and generally as toys.

The error of the lower court apparently arose in treating all jig-saw puzzles as one class. It cites in its opinion the decision of that court in protest 142756–G. The record in that case was before us in the case of *United States* v. *Louis Wolf & Co.* (decided at this term), and it amply sustains the finding of the court that the jig-saw puzzles there in question were toys. However, the puzzles here in queston are of an entirely different character, and are clearly not toys within the *Illfelder* case. The articles should have been classified as manufactures of paper dutiable under paragraph 1313 at 35 per centum ad valorem.

For the reasons stated the judgment is modified, being *reversed* in so far as it overrules the protest relating to the jig-saw puzzles and *affirmed* so far as it overrules the protest relating to the quicksilver puzzles. The cause is *remanded* for proceedings consistent with the views herein expressed.